**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

GERVIN GOMEZ HERNANDEZ
c/o 519 H Street NW
Washington, DC 20001
(Montgomery County)

LEDIS CRUZ
c/o 519 H Street NW
Washington, DC 20001
(Montgomery County)

    Plaintiffs,

v.

PHOENIX STAFFING SERVICES, LLC
d/b/a PHOENIX STAFFING SERVICES
11027 Brewers Drive
Perry Hall, MD 21128
(Baltimore County)

RICHARD ERNEST PHILLIPS
11027 Brewers Drive
Perry Hall, MD 21128
(Baltimore County)

    Defendants.

Civil Action No. _____

**COMPLAINT**

1. While Plaintiffs worked for Defendants' staffing services company, Defendants paid Plaintiffs flat daily salaries that denied them minimum and overtime wages.

2. Plaintiffs bring this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-

401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

## Parties

5. Plaintiff Gervin Gomez Hernandez is an adult resident of Montgomery County, Maryland.

6. Plaintiff Ledis Cruz is an adult resident of Montgomery County, Maryland.

7. Defendant Phoenix Staffing Services, LLC ("PSS") is a Maryland corporate entity. It does business as Phoenix Staffing Services. Its principal place of business is registered at 11027 Brewers Drive, Perry Hall, MD 21128. But in 2018 and 2019, it operated its business out of 7411 Riggs Road, Suite 104, Hyattsville, MD 20783. Its resident agent for service of process is Richard E. Phillips, 11027 Brewers Drive, Perry Hall, MD 21128.

8. Defendant Richard Ernest Phillips is an adult resident of Maryland. He resides at 11027 Brewers Drive, Perry Hall, MD 21128. He is an owner and officer of PSS. He exercises control over the operations of PSS — including its pay practices.

## Factual Allegations

9. PSS provides staffing services to companies in Maryland, such as Lancaster Foods, LLC, Coosemans DC Inc., TGD Cuts, LLC, and Hungry Harvest, LLC.

10. Plaintiff Gomez Hernandez worked at PSS from approximately November 26, 2018 through approximately May 21, 2019.

11. Plaintiff Cruz worked at PSS from approximately January 7, 2019 through approximately October 21, 2019.

12. In 2018 and 2019, PSS operated its business out of 7411 Riggs Road, Suite 104, Hyattsville, MD 20783.

13. At all relevant times, Plaintiffs primarily worked in Prince George's County.

14. At all relevant times, Plaintiffs worked most of their hours in Prince George's County.

15. Plaintiffs worked at PSS as drivers.

16. PSS provided Plaintiffs with a van to drive.

17. At all relevant times, PSS paid for the van's insurance.

18. At all relevant times, PSS paid for the gas that Plaintiffs used while driving for Defendants.

19. Plaintiffs' job duties at PSS primarily consisted of transporting employees from their residences to and from their different work locations.

20. Plaintiffs typically and customarily worked six days per week.

21. In November 2018, Plaintiff Gomez Hernandez typically and customarily worked 62.5 hours per week.

22. Starting in approximately December 2018, Plaintiff Gomez Hernandez typically and customarily worked 98.0 hours per week.

23. Prior to May 22, 2019, Plaintiff Cruz typically and customarily worked 80.0 hours per week.

24. Starting on approximately May 22, 2019, Plaintiff Cruz typically and customarily worked 68.5 hours per week.

25. At all relevant times, Defendants paid Plaintiffs a daily salary of $100.00.

26. Defendants typically and customarily paid Plaintiffs $600.00 per week.

27. Defendants typically and customarily paid Plaintiffs by check. But during his first week of work, Defendants paid Plaintiff Gomez Hernandez in cash.

28. At all relevant times, Plaintiffs worked more than forty hours per workweek for Defendants.

29. Defendants paid Plaintiffs the same effective hourly rate across all hours worked.

30. Defendants did not pay Plaintiffs overtime wages — or one and one-half times their regular hourly rate for hours worked in excess of forty in a workweek.

31. In addition to not paying overtime wages, Defendants did not pay Plaintiffs the applicable Maryland and the Prince George's County minimum wages.

32. At all relevant times, Maryland required employers to pay non-exempt employees at least $10.10. Md. Code, Lab. & Empl. Art. § 3-413.

33. Prince George's County required that employers pay non-exempt employees at least $11.50 from October 1, 2017 through the present. *See* Prince George's County Code § 13A-117.

34. Defendants paid Plaintiff Gomez Hernandez an effective hourly rate between $6.12 ($600.00 ÷ 98 hours) and $9.60 ($600.00 ÷ 62.5 hours).

35. Defendants paid Plaintiff Cruz an effective hourly rate between $7.50 ($600.00 ÷ 80 hours) and $8.76. (($600.00 ÷ 68.5 hours per week).

36. Defendants owe Plaintiff Gomez Hernandez approximately $21,000.00 in minimum and overtime wages (excluding liquidated damages).

37.  Defendants owe Plaintiff Cruz approximately $18,200.00 in minimum and overtime wages (excluding liquidated damages).

38.  At all relevant times, Defendants had the power to hire and fire Plaintiffs.

39.  At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

40.  At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

41.  At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

42.  At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular rate for all hours worked in excess of forty hours in any one workweek.

43.  At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

44.  At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

45.  At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

46.  Plaintiffs incorporates the foregoing paragraphs as if fully restated herein.

47.  Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

48.  The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

49.  The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

50.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

51.     Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs the required minimum wage.

52.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek.

53.     Defendants' violations of the FLSA were willful.

54.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

55.     Plaintiffs incorporates the foregoing paragraphs as if set forth in their entirety herein.

56.     Each defendant was an "employer" of Plaintiffs within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

57.     The MWHL requires that employers pay non-exempt employees at least $10.10 per hour from July 1, 2018 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

58.     The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

59. Defendants violated the MWHL by knowingly failing to pay the required Maryland minimum wage to Plaintiffs.

60. Defendants violated the MWHL by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek.

61. Defendants' violations of the MWHL were willful.

62. For Defendants' violations of the MWHL, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

63. Plaintiffs incorporates the foregoing paragraphs as if set forth in their entirety herein.

64. Each defendant was an "employer" of Plaintiffs within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

65. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

66. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

67. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

68. Defendants did not pay Plaintiffs the applicable Maryland minimum wage of $10.10.

69. Defendants did not pay Plaintiffs the Prince George's County minimum wage of $11.50 per hour, effective from October 1, 2017 through the present.

70.     Defendants violated the MWPCL by knowingly failing to timely pay Plaintiffs all wages due, including minimum and overtime wages.

71.     Defendants' violations of the MWPCL were willful.

72.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiffs for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$118,000.00**, and grant the following relief:

   a.   Award Plaintiffs $117,600.00, consisting of the following overlapping elements:

      i.   unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.  unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

      iii. three times the amount of unpaid wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

   b.   Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

   c.   Award Plaintiffs reasonable attorney's fees and expenses;

   d.   Award Plaintiffs court costs (currently, $400.00); and

   e.   Award any additional relief the Court deems just.

Date: November 22, 2019                                    Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

/s/ Justin Zelikovitz